## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Anthony J. Davis, Esq.
Nicoll Davis & Spinella LLP
95 Route 17 South, Suite 316
Paramus, New Jersey 07652
(201) 712-1616
Attorneys for Plaintiffs Eat Clean Bro LLC
and Jamie Giovinazzo

| | |
|---|---|
| EAT CLEAN BRO, LLC, a New Jersey limited liability company, and JAMIE GIOVINAZZO, | ) ) ) |
| | ) Hon. |
| Plaintiffs, | ) |
| | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) Civil Action |
| | ) |
| BRYAN CALCOTT and KETONED BODIES, | ) COMPLAINT AND JURY DEMAND |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiffs Eat Clean Bro LLC and Jamie Giovinazzo (collectively, "Plaintiffs"), by and through their counsel Nicoll Davis & Spinella LLP, hereby file this Complaint against defendants Bryan Calcott and Ketoned Bodies (collectively, "Defendants"), and in support thereof allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs bring this action in order to prevent consumer confusion in the marketplace and protect their valuable intellectual property assets associated with EAT CLEAN BRO® and POWERED BY YOU PROVEN BY YOU EAT CLEAN BRO® branded services and products.

2.      Defendants, without authorization and with knowledge of Plaintiffs' prior rights,

commenced use of a confusingly similar trademark, business name and website domain name in connection with the same or virtually identical services and goods.

3.     Accordingly, this is an action for: trademark infringement in violation of sections 32 and 43 of the Lanham Act, 15 U.S.C. § 1114 and § 1125; false designation of origin and description under section 43 of the Lanham Act, 15 U.S.C. § 1125; dilution under section 43 of the Lanham Act, 15 U.S.C. § 1125; common law trademark infringement; common law unfair competition; trademark dilution and injury to business reputation; and unfair competition under N.J.S.A. 56:4-1.

## PARTIES AND JURISDICTION

4.     Plaintiff Jamie Giovinazzo ("Giovinazzo") is an individual residing in New Jersey with a business address of 260 South Street, Freehold, New Jersey. Giovinazzo is the owner of the intellectual property asserted against Defendants in this action.

5.     Plaintiff, Eat Clean Bro, LLC, ("ECB") is a New Jersey limited liability company with its principal place of business at 260 South Street, Freehold, New Jersey. ECB is the exclusive licensee of the intellectual property rights asserted against Defendants in this action.

6.     Upon information and belief, Defendant Bryan Calcott is an individual residing at 1575 Harbor Blvd., Weehawken, New Jersey 07086.

7.     Upon information and belief, Defendant Ketoned Bodies is a New Jersey business owned and operated by Defendant Calcott, with its principal place of business at 50 Harrison Street, PH-428, Hoboken, New Jersey 07030.

8.     This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1332(a)(1). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as questions of federal law have been presented under the federal Lanham Act (15 U.S.C. § 1051, *et. seq*.). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that the defendants are

residents of this State, and a substantial part of the acts or omissions giving rise to the claims alleged herein occurred in this District, including, upon information and belief, Defendants' sale, marketing and/or distribution of infringing services and products in this District.

## FACTS COMMON TO ALL COUNTS

### Plaintiffs and their trademarks

10.     Plaintiff Giovinazzo is the founder, creator, and owner of the EAT CLEAN BRO® and POWERED BY YOU PROVEN BY YOU EAT CLEAN BRO® trademarks (hereinafter, collectively, the "EAT CLEAN BRO Trademarks") that are used in connection with the marketing and sale of the EAT CLEAN BRO® branded services and products, which include the preparation of healthy, all-natural meals for pick up by, or delivery directly to consumers.

11.     The EAT CLEAN BRO Trademarks have received federal registration. EAT CLEAN BRO was registered on March 8, 2016, with Registration No. 4,913,346, in Class 43 "food preparation services featuring freshly prepared meals made to order for pickup or delivery." A copy of the Certificate of Registration is attached hereto as Exhibit A.

12.     POWERED BY YOU PROVEN BY YOU EAT CLEAN BRO was registered on May 17, 2016, with Registration No. 4,959,202, in Class 43 "food preparation services featuring freshly prepared meals made to order for pickup or delivery." A copy of the Certificate of Registration is attached hereto as Exhibit B.

13.     The foregoing trademark registrations are all current and in full force and effect, and are inherently distinctive or have become distinctive through acquisition of secondary meaning. Additionally, the foregoing trademarks are famous marks as contemplated by 15 U.S.C. § 1125 (c).

14.     Plaintiffs' website domain, EATCLEANBRO.COM, was registered on or about May 23, 2013 and is owned by the Plaintiffs. That registration is current and in full force and effect.

15.     Plaintiff ECB is the exclusive licensee to the EAT CLEAN BRO Trademarks. Plaintiffs use the EAT CLEAN BRO Trademarks and the EATCLEANBRO.COM domain name in

connection with advertising, marketing, distribution, and sales of various services and products including EAT CLEAN BRO® branded services and products, including the preparation of healthy, all-natural meals for pick up by, or delivery directly to consumers. ("EAT CLEAN BRO Services and Products").

16.     Plaintiffs have devoted significant time, effort, and resources to create consumer recognition by developing, advertising, and promoting their EAT CLEAN BRO Services and Products and the EATCLEANBRO.COM domain name.

17.     The EAT CLEAN BRO Services and Products, and the EATCLEANBRO.COM domain name, are extensively and widely advertised through various media, including the Internet and billboards.

18.     As a result of Plaintiffs' efforts, the EAT CLEAN BRO Services and Products are known within the industry for being of the highest quality, with hundreds of thousands of dollars of sales.

19.     As a result of the foregoing, Plaintiffs have built up and now own considerable goodwill in their distinctive and famous EAT CLEAN BRO Trademarks and the EATCLEANBRO.COM domain name.

20.     As a result of the continuous use, promotion and extensive sales using the EAT CLEAN BRO Trademarks and the EATCLEANBRO.COM domain name by Plaintiffs, the EAT CLEAN BRO Trademarks and the EATCLEANBRO.COM domain name enjoy substantial recognition and fame and are recognized by the public as emanating from Plaintiffs.

<u>**DEFENDANTS' INFRINGING CONDUCT**</u>

21.     Upon information and belief, Defendants market and distribute prepared meals to consumers through Internet websites, as detailed below.

22.     Upon information and belief, on or about July 20, 2016, Defendants registered a domain name, Ketonebodies.com. Defendant Calcott was listed as the registrant of the domain and Defendant Ketoned Bodies was listed as the registering organization.   A copy of the

ketonebodies.com website homepage, as it appeared on July 14, 2017, is attached hereto as Exhibit C.

23.    The subject ketonebodies.com website homepage lists an address for Ketone Bodies of 50 Harrison Street, PH-428, Hoboken, NJ 07030, and states "© 2017 Ketoned Bodies" throughout the website.

24.    Upon information and belief, on or about July 9, 2017, Defendants registered another domain name, EATKETOBRO.COM. The registrant for this domain is listed as "Registrant Private," as it was registered using "Domains By Proxy, LLC" so as to conceal the identity of the actual registrant.  A copy of the EATKETOBRO.COM website homepage, as it appeared on July 14, 2017, is attached hereto as Exhibit D.

25.    The subject EATKETOBRO.COM website homepage contains virtually the identical content as the ketonebodies.com website, and likewise includes an address for EatKetoBro of 50 Harrison Street, PH-428, Hoboken, NJ 07030, and states "© 2017 eatketobro" throughout the website

26.    Accordingly, upon information and belief, Defendants are the owners and operators of both the ketonebodies.com and the EATKETOBRO.COM websites.

27.    Upon information and belief, Defendants' food preparation and delivery services and products are marketed and sold in interstate commerce throughout the United States using both the Ketoned Bodies and eatketobro trademarks and the KETONEDBODIES.COM and EATKETOBRO.COM domain names (hereinafter "EATKETOBRO Services and Products").

28.     Defendants' EATKETOBRO Services and Products and Plaintiffs' EAT CLEAN BRO Services and Products are directly competitive products that are advertised and sold within the identical channels of trade and to the same consumers.

29.    Rather than engage in fair competition in the marketplace and allow consumers to exercise their own choice through the use of only the existing Ketoned Bodies trademark and KETONEDBODIES.COM domain name, Defendants have, upon information and belief, recently resorted to promoting its EATKETOBRO Services and Products using a trademark,

eatketobro, and a domain name, EATKETOBRO.COM, that are confusingly similar to Plaintiffs' EAT CLEAN BRO Trademarks and Plaintiffs' EATCLEANBRO.COM domain name. Upon information and belief, Defendants are misusing Plaintiffs' trademarks using various digital and online marketing techniques to mislead and confuse consumers.

30.    Defendants have no consent, license, approval or other authorization to use the EAT CLEAN BRO Trademarks or the EATCLEANBRO.COM domain name, or any confusingly similar or colorable imitation thereof in connection with any of Defendants' services or products, let alone directly competing food preparation and delivery services and products.

31.    Defendants' use of a confusingly similar mark and domain name, shows the willful intent of the Defendants to misrepresent the source of Defendants' goods so as to create confusion, mistake or to deceive as to Defendants' connection or association with Plaintiffs and the source and/or sponsorship of Defendants' services and products.

**COUNT I**

**FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

32.    Plaintiffs repeat and reallege each and every allegation set forth in all prior paragraphs of this Complaint as if fully set forth herein.

33.    The EAT CLEAN BRO Trademarks are owned by Plaintiff Giovinazzo, duly registered before the United States Patent and Trademark Office, valid, and in full force and effect.

34.    The above-described acts and conduct of Defendants constitutes willful infringement of Plaintiffs' exclusive rights in the EAT CLEAN BRO Trademarks and are in violation of the federal trademark laws, including § 32 of the Trademark Act of 1946, as amended (15 U.S.C. § 1114(a)).

35.    Defendants' use of marks so confusingly similar to the EAT CLEAN BRO Trademarks, copies, reproductions, or colorable imitations thereof has been and continues to be done with the intent to cause confusion, mistake, and to deceive customers concerning the source and/or sponsorship of Defendants' services and products. Defendants have used the EATKETOBRO

Trademark in connection with their services and products, including in their internet website domain name, with the knowledge that the marks are confusingly similar to the EAT CLEAN BRO Trademarks and with the intent to cause confusion. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

36.    As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm to the valuable EAT CLEAN BRO Trademarks and their reputation in the industry. Plaintiffs have no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiffs for the harm to their proprietary rights, established goodwill and business reputation. The wrongful acts by Defendants have caused, and unless this Court acts to enjoin Defendants, will continue to cause great and irreparable harm to Plaintiffs and their proprietary rights, goodwill and business reputation, to Plaintiffs' customers.

## COUNT II

## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(c), DILUTION

37.    Plaintiffs repeat and reallege each and every allegation set forth in all prior paragraphs of this Complaint as if fully set forth herein.

38.    Plaintiffs bring the following claim under the Federal Anti-Dilution Statute pursuant to 15 U.S.C. § 1125(c).

39.    The EAT CLEAN BRO Trademarks are owned by Plaintiff Giovinazzo, duly registered before the United States Patent and Trademark Office, valid, and in full force and effect.

40.    As a result of Plaintiffs continuous promotion of its services and goods in conjunction with its trademarks, the EAT CLEAN BRO Trademarks described above have become recognized as famous marks.

41.    Defendants' advertisement, marketing, promotion, distribution, offer for sale and sale of competing services and products using Plaintiffs' EAT CLEAN BRO Trademarks (or a confusingly similar mark) began after Plaintiffs' EAT CLEAN BRO Trademarks were used in commerce and became famous. Defendants' conduct has caused and/or is likely to cause dilution

of the distinctive quality of the EAT CLEAN BRO Trademarks resulting in and/or likely to result in injury to Plaintiffs pursuant to 15 U.S.C. § 1125(c).

42.     Defendant has willfully intended to trade on Plaintiffs' reputation and/or cause dilution of Plaintiffs' EAT CLEAN BRO Trademarks.

43.     Accordingly, Plaintiffs are entitled to recover their damages, as well as Defendants' profits received as a result of the infringement pursuant to 15 U.S.C. § 1117(a).

44.     Upon information and belief, Defendants derive and/or have derived financial benefit, gains, profits, and advantages as a result of their federal trademark dilution in an amount thus far not determined. Plaintiffs have incurred damages caused by Defendants' unlawful activity.

45.     Plaintiffs have no adequate remedy at law and are suffering and will continue to suffer irreparable harm if Defendants' acts of federal trademark dilution are not immediately enjoined. Accordingly, in addition to monetary relief, Plaintiffs seek permanent injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125.

## COUNT III

## FALSE DESIGNATION OF ORIGIN OR SPONSORHIP, FALSE ADVERTISING, TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

46.     Plaintiffs repeat and reallege each and every allegation set forth in all prior paragraphs of this Complaint as if fully set forth herein.

47.     The above-described acts and conduct of Defendants violate § 43 of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(a)).

48.     The EAT CLEAN BRO Trademarks are owned by Plaintiff Giovinazzo, duly registered before the United States Patent and Trademark Office, valid, and in full force and effect.

49.     Defendants have knowingly used and continue to use in commerce the EAT CLEAN BRO Trademarks, or reproductions, copies or colorable imitations thereof, in connection with the services and products that Defendants manufacture, advertise, promote, distribute and/or sell.

Defendants have used the EATKETOBRO Trademarks knowing that the mark and domain name used are confusingly similar to Plaintiffs' EAT CLEAN BRO Trademarks and domain name and with an intent to cause confusion. Defendants' actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

50.     Defendants' use of a mark and domain name confusingly similar to the EAT CLEAN BRO Trademarks in commerce as alleged above is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants' services and products, and is likely to cause such people to believe in error that the EATKETOBRO Services and Products have been authorized, sponsored, approved, endorsed, or licensed by Plaintiffs or that Defendants are in some way affiliated with either Plaintiffs or with Plaintiffs' EAT CLEAN BRO Services and Products.

51.     Defendants' acts constitute false and misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendants' goods, in violation of 15 U.S.C. § 1125(a).

52.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm to the valuable EAT CLEAN BRO Trademarks and their reputation in the industry and marketplace. Plaintiffs have no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiffs for the harm to their proprietary rights, established goodwill and business reputation. Defendants' acts have caused and, unless this Court acts to enjoin Defendants, will continue to cause great and irreparable harm to Plaintiffs and their proprietary rights, goodwill and business reputation, to Plaintiffs' customers.

## COUNT IV

## COMMON LAW TRADEMARK INFRINGMENT

53.     Plaintiffs repeat and reallege each and every allegation set forth in all prior paragraphs of this Complaint as if fully set forth herein.

54.     Plaintiffs were the first to use the EAT CLEAN BRO Trademarks or any mark similar

thereto in association with the provision of any service or the sale of any product. As a result of the continued sale by Plaintiffs of EAT CLEAN BRO Services and Products bearing the EAT CLEAN BRO Trademarks since approximately 2013, the EAT CLEAN BRO Trademarks have become widely known, and Plaintiffs have become identified in the public mind as the provider, manufacturer, and/or licensor of the EAT CLEAN BRO Services and Products.

55.     As a result of the experience, care, and service of Plaintiffs in providing and producing EAT CLEAN BRO Services and Products, EAT CLEAN BRO Services and Products have become widely known and have acquired a reputation for quality. As such, the EAT CLEAN BRO Trademarks have become distinctive.

56.     Defendants, with knowledge of and with intentional disregard for Plaintiffs' rights, continue to advertise, promote and sell services and products using the EAT CLEAN BRO Trademarks or confusing imitations thereof. Such acts by the Defendants have caused and continue to cause confusion as to the source and/or sponsorship of Defendants' services and products.

57.     Defendants' acts constitute willful infringement of Plaintiffs' exclusive rights in the EAT CLEAN BRO Trademarks, in violation of the common law. By reason of Defendants' actions, Plaintiffs have suffered irreparable harm to the valuable EAT CLEAN BRO Trademarks. Unless Defendants are restrained from further infringement of the EAT CLEAN BRO Trademarks, Plaintiffs will continue to suffer irreparable harm.

58.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm to the valuable EAT CLEAN BRO Trademarks and their reputation in the industry and marketplace. Plaintiffs have no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiffs for the harm to their proprietary rights, established goodwill and business reputation. Defendants' acts have caused and, unless this Court acts to enjoin Defendants, will continue to cause great and irreparable harm to Plaintiffs and their proprietary rights, goodwill and business reputation, to Plaintiffs' customers.

## COUNT V

## COMMON LAW OF UNFAIR COMPETITION

59.     Plaintiffs repeat and reallege each and every allegation set forth in all prior paragraphs of this Complaint as if fully set forth herein.

60.     This cause of action arises under the common law of unfair competition.

61.     Defendants, by reason of the foregoing acts, have traded upon and appropriated the reputation and valuable goodwill of Plaintiffs and have acted to create the likelihood of confusion and mistake on the part of the purchasing public as to the source of Plaintiffs' services and products.

62.     In general, Defendants' acts are likely to lead the public to believe Defendants are in some way sponsored by, or associated with, Plaintiffs, and/or create the impression that Defendants' and Plaintiffs' services and products are distributed under the same corporate aegis and authority.

63.     Defendants' activities constitute unfair competition and a misappropriation and infringement of Plaintiffs' common law trademark rights.

64.     Upon information and belief, the acts and conduct complained of herein has been committed intentionally, willfully, deliberately and/or in reckless disregard of Plaintiffs' legal rights.

65.     Plaintiffs have no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiffs for the harm to their proprietary rights, established goodwill and business reputation. Defendants' acts have caused and, unless this Court acts to enjoin Defendants, will continue to cause great and irreparable harm to Plaintiffs and their proprietary rights, goodwill and business reputation, to Plaintiffs' customers.

## COUNT VI

## TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION

66.     Plaintiffs repeat and reallege each and every allegation set forth in all prior paragraphs of this Complaint as if fully set forth herein.

67.     This cause of action arises under the laws of the State of New Jersey.

68.     Defendants, by reason of the foregoing acts, have injured Plaintiffs' business reputation and diluted the distinctive quality of its marks under the common and statutory laws of the State of New Jersey.

## COUNT VII

## UNFAIR COMPETITION UNDER N.J.S.A. 56:4-1

69.     Plaintiffs repeat and reallege each and every allegation set forth in all prior paragraphs of this Complaint as if fully set forth herein.

70.     This count arises under N.J.S.A. 56:4-1, a statute of the State of New Jersey.

71.     Defendants, by reason of the foregoing wrongful acts, have engaged in unfair methods of competition and unfair and deceptive acts and practices in the conduct of their trade, which acts and practices have injured Plaintiffs within the meaning, and in violation of the statutes of the State of New Jersey.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Jamie Giovinazzo and Eat Clean Bro, LLC, pray for relief against Defendants Bryan Calcott and Ketoned Bodies, as follows:

A. Determinations that:

i.      Defendants have willfully and deliberately violated 15 U.S.C. § 1114, that Plaintiffs have been damaged by such violation, and that the Defendants are liable to Plaintiffs for such violation;

ii.     Defendants have willfully and deliberately violated 15 U.S.C. § 1125(a), that Plaintiffs have been damaged by such violation, and that the Defendants are liable to Plaintiffs for such violation;

iii.    Defendants have willfully and deliberately violated 15 U.S.C. § 1125(c), that Plaintiffs have been damaged by such violation, and that the Defendants are liable to Plaintiffs for such violation;

iv.     Defendants have committed common law trademark infringement, that Plaintiffs have been damaged by such infringement, and that Defendants are liable to Plaintiffs for common law trademark infringement;

v.      Defendants have committed common law unfair competition; that Plaintiffs have been damaged by such unfair competition, and that Defendants are liable to Plaintiffs for common law unfair competition;

vi.     Defendants have committed trademark dilution and caused injury to business reputation under New Jersey State law; that Plaintiffs have been damaged by such acts, and that Defendants are liable to Plaintiffs for same;

vii.    Defendants have committed unfair competition under New Jersey State law; that Plaintiffs have been damaged by such acts, and that Defendants are liable to Plaintiffs for same;

viii.   this case is "exceptional," in the sense of 15 U.S.C. §1117(a); and

    ix.    Defendants' actions are unlawful and enjoining Defendants from continuing to engage in the methods, acts and practice which have been deemed unlawful.

B. Under all claims for relief, that injunction be temporarily, preliminarily and permanently issued enjoining Defendants, their agents, officers, directors, employees, attorneys, privies, successors and assigns, and all those acting for, on behalf of, in active concert or participation with them, and each of them who receives notice directly or otherwise of such injunctions from:

    i.    imitating, copying, or making any unauthorized use of anything confusingly similar to the EAT CLEAN BRO Trademarks or EATCLEANBRO.COM domain name, including, but not limited to, the EATKETOBRO trademark and the EATKETOBRO.COM domain name;

    ii.    importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any service or product using any simulation, reproduction, copy or colorable imitation of anything confusingly similar to the EAT CLEAN BRO Trademarks or EATCLEANBRO.COM domain name, including, but not limited to, the EATKETOBRO trademark and the EATKETOBRO.COM domain name;

    iii.    using any simulation, reproduction, copy, or colorable imitation of anything confusingly similar to the EAT CLEAN BRO Trademarks or EATCLEANBRO.COM domain name in connection with the promotion, advertising or distribution of any product or service, including, but not limited to, the EATKETOBRO trademark and the EATKETOBRO.COM domain name; and

iv.  using any false designation of origin or false description (including, without limitation, any letters, symbols, or designs constituting anything confusingly similar to the EAT CLEAN BRO Trademarks or EATCLEANBRO.COM domain name, including, but not limited to, the EATKETOBRO trademark and the EATKETOBRO.COM domain name, or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendants are in any manner associated or connected with Plaintiffs, the EAT CLEAN BRO Services or Products, EAT CLEAN BRO Trademark or EATCLEANBRO.COM domain name, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiffs; and.

C.  For an Order:

i.  directing that Defendants delivers for destruction all products, labels, tags, signs, prints, packages, videos and advertisements in its possession or under its control, bearing or using anything confusingly similar to the EAT CLEAN BRO Trademark or EATCLEANBRO.COM domain name or any simulation, reproduction, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, including, but not limited to, the EATKETOBRO trademark and the EATKETOBRO.COM domain name;

ii.  directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendants is

authorized by Plaintiffs or related in any way to EAT CLEAN BRO Services and Products;

iii.   requiring Defendants to file with the Court and provide to Plaintiffs an accounting of all sales and profits realized by Defendant through the use of anything confusingly similar to the EAT CLEAN BRO Trademarks or eatlcanebro.com domain name and any simulation, reproduction, copy or colorable imitation thereof, including, but not limited to, the EATKETOBRO trademarks and the EATKETOBRO.COM domain name;

iv.   directing the Defendants and their agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith, to file with this Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of such judgment, a written report under oath, setting forth in detail this manner and form in which they have complied with such judgment; and

v.   permitting Plaintiffs, and/or auditors of Plaintiffs, to audit and inspect the books, records, and premises of the Defendants and related entities for a period of six (6) months after entry of final relief in this matter, to determine the scope of the Defendant's past use of Plaintiffs' intellectual property, including all manufacturing, distribution, and sales of products bearing anything confusingly similar to the EAT CLEAN BRO Trademarks and/or EATCLEANBRO.COM domain name, including, but not limited to, the EATKETOBRO trademarks and the EATKETOBRO.COM domain name, as well as the Defendants' compliance with the Order of this Court;

D.  For an award of Plaintiffs' damages trebled or, alternatively, an award of Defendants' wrongful profits trebled, whichever is greater, plus Plaintiffs' costs and attorneys' fees pursuant to 15 U.S.C. § 1117;

E.  For an award of Plaintiffs' costs and disbursements incurred in this action, including Plaintiffs' reasonable attorneys' fees;

F.  For an award of any other damages incurred by Plaintiffs' arising out of Defendants' acts;

G.  For an award of interest, including pre-judgment interest on the foregoing sums;  and

H.  For such other and further relief as the Court may deem just and appropriative.

## JURY DEMAND

Plaintiffs request trial by jury on all issues so triable.

Nicoll Davis & Spinella LLP
Attorneys for Plaintiffs Eat Clean Bro, LLC
and Jamie Giovinazzo

Dated:  July 17, 2017                    /s/ *Anthony J. Davis*
                                         ANTHONY J. DAVIS

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

    This matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Nicoll Davis & Spinella LLP
Attorneys for Plaintiffs Eat Clean Bro, LLC
and Jamie Giovinazzo

Dated:  July 17, 2017          /s/ Anthony J. Davis
                               ANTHONY J. DAVIS